IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIOLENA BEAN ) | |
| 3323 Ames Street, N.E. ) | |
| Washington, D.C. 20019 ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| THE DISTRICT OF COLUMBIA ) | |
| (A Municipal Corporation) ) | |
| 441 Fourth Street, N.W. ) | |
| Washington, D.C. 20001 ) | |
| ) | |
|     Defendant. ) | |

**COMPLAINT FOR DISCRIMINATION**

COMES NOW Plaintiff Violena Bean, by and through undersigned counsel, and states as follows:

1. Plaintiff brings this action pursuant to the Age Discrimination in Employment Act for discrimination and retaliation on the basis of age and protected activity in employment, as well as a common law claim of constructive termination.

**JURISDICTION AND VENUE**

2. Jurisdiction of this court is founded pursuant to 28 U.S.C. §§1331 and 1367(a).

3. Venue lies in this Court, pursuant to 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(f)(3) since the employment practices alleged to be unlawful were committed by defendant and its agents within the District of Columbia.

**PARTIES**

4. Plaintiff, Violena Bean ("Ms. Bean"), is an adult African-American female, a citizen

of the United States and a bona fide resident of the District of Columbia. At all times relevant herein, Ms. Bean was over 40 years old. At all times further relevant herein, Ms. Bean was an employee of the District of Columbia Metropolitan Police Department and a member of the National Association of Government Employees Local R3-05.

5. Defendant, District of Columbia ("DC"), is a municipality that controls and operates the District of Columbia and the Metropolitan Police Department ("DCMPD").

**FACTS COMMON TO ALL COUNTS**

6. Ms. Bean began her employment with the DCMPD in or about 1994. By 2014, Ms. Bean was a Clerical Assistant in the Office of Police Communication, Public Information Office ("PIO") and had remained a Grade 6, step 13 for over thirteen years. Her duties primarily consisted of pulling articles from the internet and other sources that pertain to the Metropolitan Police Department.

7. During her tenure as a Clerical Assistant, Ms. Bean was subjected to materially adverse disparate treatment and harassment because of her age and in retaliation for engaging in protected activity.

8. In November 2012, Ms. Bean was subjected to a five-day suspension in which similarly situated younger employees received less severe discipline, if any at all. Before and thereafter, Ms. Bean was the target of unrelenting and unwarranted harassment regarding her job performance, humiliating critiques of her restroom use and disparate treatment in the management and assignment of her duties by her supervisor Gwendolyn Crump, Director of the Office of Police Communications and others.

9. On or about October 25, 2012, while Ms. Bean was appealing the disciplinary action

that took effect in November, Ms. Crump raised new allegations against Ms. Bean of neglect of duty and purportedly providing untruthful statements to Ms. Crump during the course of Ms. Bean's employment.

10. On February 1, 2013, the Agency served Ms. Bean with a notice of proposed adverse action for the October 2012 charge. By that notice, the Agency proposed that Ms. Bean be suspended for fifteen workdays. In response, Ms. Bean alleged that the factual basis for the charge was false and the adverse action was discriminatory, arbitrary and capricious and in retaliation for engaging in protected activity.

11. On or about February 11, 2013, Ms. Bean sought EEO counseling with the District of Columbia and on February 13, 2013, filed a complaint alleging unlawful discrimination with the District of Columbia Office of Human Rights.

12. On February 21, 2013, the Deciding Official upheld the Agency's proposed fifteen-day suspension. The Deciding Official, however, held seven days of Ms. Bean's suspension in abeyance for one year.

13. On or about March 5, 2013, the Agency issued a Notice of Final Decision implementing the Deciding Official's determination, and Ms. Bean was advised of her right to appeal the suspension with the Office of Employee Appeals. Ms. Bean began serving eight days of the suspension without pay on March 18, 2013, and on April 4, 2013, filed a timely Petition of Appeal with the Office of Employee Appeals.

14. On April 12, 2013, Ms. Bean experienced issues with her computer that prevented her from fully completing an assignment and requested technical assistance. Later that morning, Ms. Crump approached Ms. Bean about the completion of an assignment in a hostile and degrading

manner. When Ms. Bean described her technical issues, Ms. Crump instigated a verbal assault on Ms. Bean that was so heated that a nearby employee left the work area. Despite these technical issues, Ms. Crump cited Ms. Bean again with neglect of duty, insubordination and incompetence.

15. On or about April 30, 2013, Ms. Bean filed a continuing action Charge of Discrimination with the Equal Employment Opportunity Commission for Age Discrimination and Retaliation.

16. On June 27, 2013, defendant proposed to suspend Ms. Bean for thirty-five days without pay based on the April 12, 2014 incident. In responding to the proposed suspension, Ms. Bean alleged that the facts alleged by Ms. Crump were false and the adverse action was discriminatory and imposed in retaliation for engaging in protected activity. On or about July 18, 2013, a Notice of Final Decision, imposing a thirty-five day suspension without pay was issued to Ms. Bean. Ms. Bean timely filed an appeal with the Office of Employee Appeals. On or about August 13, 2013, Ms. Bean began serving her suspension.

17. Upon Ms. Bean's return to duty, Sgt. James Meagher informed her by email that she was being assessed for the Supervisory Support Program ("SSP") and scheduled a meeting with her. Sgt. Meagher did not advise Ms. Bean of the nature of this program or assessment. Ms. Bean asked her union representative to attend the SSP meeting with her and informed Sgt. Meagher of that request. Sgt. Meagher directed Ms. Bean to attend the assessment without union representation. Citing her rights under the collective bargaining agreement, Ms. Bean refused to meet without representation. Sgt. Meagher nevertheless cited Ms. Bean for failing to follow a direct order, insubordination and neglect of duty.

18. On or about February 12, 2014, Ms. Crump again cited Ms. Bean for insubordination.

19.     On March 5, 2014, defendant issued a 15-day advance notice of proposed termination. On April 11, 2014, a hearing officer issued a final decision upholding Ms. Bean's termination. On April 15, 2014, Ms. Bean received yet another notice that an investigation was being conducted for alleged acts of insubordination toward Ms. Crump. On April 18, 2014, defendant placed Ms. Bean on Administrative Leave with Pay while she appealed her termination with a Deciding Official.

20.     Although Ms. Bean had not planned to retire until she turned 66, as Ms. Bean's 65th birthday approached on May 1, she determined that further appeals would be fruitless and, concerned that a termination would adversely effect her retirement benefits, began the process to retire.

21.     On May 2, 2014, Violena Bean retired from her job of 20 years with the MPD, causing her to take a reduced pension because of her early retirement.

22.     It has been more than 180 days since Ms. Bean filed her Charge of Discrimination with the EEOC, and, therefore, has exhausted her administrative remedies. On July 17, 2014, the EEOC mailed a "Right to Sue Letter" to Ms. Bean.

## FIRST CAUSE OF ACTION
**Violation of the Age Discrimination in Employment Act**

23.     Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "22" as if originally pleaded herein.

24.     Defendant, through its agents or supervisors, unlawfully discriminated and denied Ms. Bean equal employment opportunities because of her age when it denied her equal employment opportunities, imposed unwarranted suspensions and other tangible adverse actions, created a hostile work environment, and constructively terminated her employment without cause of justification, in violation of the Age Discrimination in Employment Act.

25.     As a direct and proximate result of the illegal employment discrimination by

Defendant, Ms. Bean has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Ms. Bean has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

26. Ms. Bean is informed and believes that the outrageous conduct of Defendant described above was done with malice and with conscious disregard for her federally protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a) To award her, under the ADEA, all the back and front pay and fringe benefits she has lost as a result of defendant's unlawful discrimination against her;

(b) To award her, under the ADEA, a position consistent with her experience and training;

(c) To award her reasonable attorney's fees and costs of this action; and

(d) To award her such other and further relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### Violation of the Age Discrimination in Employment Act

27. Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "26" as if originally pleaded herein.

28. By the actions set out above, defendant subjected Ms. Bean to unlawful retaliation and denied her the rights and privileges secured by the ADEA, when it denied her professional opportunities for which she was qualified, imposed unwarranted suspensions and other tangible adverse employment actions, created a hostile work environment, proposed her employment termination and constructively terminated her employment, without cause or justification, because

she had engaged in protected activity under the Act.

29. As a direct and proximate result of the illegal employment discrimination by Defendant, Ms. Bean has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Ms. Bean has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

30. Ms. Bean is informed and believes that the outrageous conduct of Defendant described above was done with malice and with conscious disregard for her federally protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a) To award her, under the ADEA, all the back and front pay and fringe benefits she has lost as a result of defendant's unlawful discrimination against her;

(b) To award her, under the ADEA, a position consistent with her experience and training;

(c) To award her reasonable attorney's fees and costs of this action; and

(d) To award her such other and further relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION
### Constructive Termination

31. Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "30" as if originally pleaded herein.

32. By the actions set out above, defendant, without cause or justification, constructively terminated Ms. Bean's employment in violation of public policy and denied her the rights and privileges secured by the District of Columbia.

33. As a direct and proximate result of the illegal employment discrimination by Defendant, Ms. Bean has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Ms. Bean has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

34. Ms. Bean is informed and believes that the outrageous conduct of Defendant described above was done with malice and with conscious disregard for her federally protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a) To award her all the back and front pay and fringe benefits she has lost as a result of defendant's wrongful termination of her employment;

(b) To award her a position consistent with her experience and training;

(c) To award her compensatory damages in the amount of $500,000.00;

(d) To award her reasonable attorney's fees and costs of this action; and

(e) To award her such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff respectfully requests a jury trial on all issues.

Respectfully submitted,

*/s/ Lisa Alexis Jones*
Lisa Alexis Jones, Esq.
Lisa Alexis Jones, PLLC
One Rockefeller Plaza, 10th Floor
New York, N.Y. 10020-2003
(646) 756-2967
(888) 755-6778 (Fax)
ljones@lisaajones.com

*Counsel for Plaintiff*

Dated: October 16, 2014